VALLS *v.* BLANES.

APPEAL from the District Court of Mayagüez.

No. 15.—Decided October 26, 1904.

MORTGAGE—CONVEYANCE OR ASSIGNMENT OF MORTGAGE CREDITS.—Mortgage credits may be conveyed or assigned to a third person either in whole or in part, but such conveyance or assignment must be in · accordance with the form prescribed by article 52 of the Mortgage Law.

ID.—REQUIREMENTS OF THE DEED OF CONVEYANCE OR ASSIGNMENT.—The deed of conveyance or assignment of a mortgage credit must contain the requirements prescribed by article 50 of the general instructions for drafting public documents subject to record, among which is one to the effect that a true copy of the mortgage assigned be inserted in the deed and that notice be given to the debtor in all the cases and with all the formalities prescribed by the Mortgage Law and Regulations.

ID.—EXECUTION OF MORTGAGE CREDIT—LEGAL FORMALITIES—DEMANDABILITY OF OBLIGATION.—In a proceeding for the foreclosure of a mortgage, regard must be had by the court not only as to whether the formalities of the mortgage procedure have been complied with and whether or not the mortgage obligation is demandable, but it should also determine whether the mortgage lien has been cancelled in the registry or whether, according to the day book, it is pending cancellation at the time of the maturity of the obligation.

ID.—CERTIFICATE OF INCUMBRANCES.—A certificate of charges or incumbrances issued by the registrar of property, to the effect that an estate may be subject to certain incumbrances, cannot serve as the basis of summary mortgage proceeding.

STATEMENT OF THE CASE.

This is an action instituted in the District Court of Mayagüez by José Rafael Valls, single, of legal age, and a resident

of the city of Ponce, plaintiff, represented in this Supreme
Court, at first, by Attorney Miguel Kearney, and afterwards
by Attorneys Díaz and Texidor, against Rafael Blanes y
Mestre, of legal age, married, a resident of the city of Maya-
güez, defendant, for the recovery of a mortgage debt; which
case is pending before us on an appeal taken by the plaintiff
from the judgment of the District Court of Mayagüez, ren-
dered December 21, of last year, which reads as follows:

"Mayagüez, December 21, 1903.   The decision herein is rendered
on this date owing to the large volume of business before the court
and the necessity of carefully examining the voluminous documents
accompanying the case.

"The facts appear to be as follows:

"By deed No. 340, executed in the city of Mayagüez, June 18,
1878, before Notary Carlos Bonilla, whereof a first copy is attached
hereto, the same being without any memorandum of its entry in the
registry, José Antonio Annoní, a planter domiciled in this district,
acknowledged his indebtedness to several creditors, including Pedro
José Valls y Luperón, for the sum of 16,873.92 *pesos* of the money
then in circulation, and bound himself to pay the same in twenty
annual installments, the first to be made on June 30, 1879, without
interest, the whole of said indebtedness being secured by a lien
upon the sugar plantation 'Josefa,' situated in *barrios* Hormigueros,
within the district of Hormigueros, and Guanajibo, within that of
Cabo Rojo, the lands of said plantation lying on both sides of the
Estero River, and having the area and boundaries specified in said
deed.

"By another deed—No. 15—of assignment of a mortgage credit,
authenticated by Notary José Ramón Becerra y de Gárate, of Ponce,
on December 19, 1901, which appears to have been admitted to
record, according to a memorandum of the Registrar of San Ger-
mán, on January 6, 1902, Francisco Valls y Chavarri assigned to
José Rafael Valls part of aforesaid credit amounting to 6,100 *pesos,*
which belonged to said Francisco Valls, according to the notary's
statement in the above-mentioned document, in the Estate of Pedro
José Valls y Luperón, wherein 6,600 *pesos* of the mortgage lien
constituted, belonged by adjudication to said Francisco Valls, which
right was recorded in the Registry of San Germán, as shown by

another document of partition of property, executed in Ponce on August 12, 1882.

. ."The Registrar of Property of San Germán, in a certificate attached hereto, declares that the plantation now known as 'San Francisco,' formerly 'San Romualdo,' appears to be incumbered by three annuities (*censos*), which he enumerates, as also by a lease-hold right and a right of mortgage in favor of the American Colonial Bank of Porto Rico; and adds that although in the first record of the property, entered at folio 63, volume 2, of Hormigueros, it was stated to be free from incumbrances, save those in favor of the church, acknowledged by the purchaser, upon a comparison of the records of the case it also appears to be subject to the incumbrances constituted upon the plantation 'Josefa,' situated in *barrios* Hormigueros and Guanajibo, within the municipal districts of Hormigueros and Cabo Rojo, which was recorded at folio 67, volume 1, of Hormigueros, estate No. 15, and at folio 26, volume 15, of Cabo Rojo, estate No. 250, first entries, from which several portions were segregated, now forming the plantation 'San Francisco,' formerly 'San Romualdo.'

"In view of this data the registrar entered in favor of José Rafael Valls the mortgage credit acquired by Francisco Valls on plantation 'Josefa' by inheritance from his father Pedro José Valls y Luperón, said entry being authorized on January 6, 1902.

"In the second paragraph of the certificate referred to, entitled 'Incumbrances and transfers of property,' said Registrar of San Germán incorporated the entries referring to aforesaid plantation 'Josefa,' after noting that plantation 'San Francisco' was formed by grouping several estates which in turn were segregated from the original plantation named 'Josefa,' of 655 *cuerdas*, situated within the municipalities of Hormigueros and Cabo Rojo, it being noticeable that certain mortgages constituted upon plantation 'Josefa,' among which is included the lien in favor of Valls, do not appear in the records of any of the segregated estates, nor in the first and subsequent records relating to the estate 'San Romualdo,' now 'San Francisco.'

"In section 'B' of the same certificate, entitled 'Records of Dominion Titles,' the following statement is made: 'This estate (San Romualdo) is formed of several tracts of land segregated from the former plantation "Josefa," belonging to His Excellency Don José Antonio Annoni, entered at folio 67, volume 1, of Hormigueros, under No. 15, in the first record wherof are set forth the incumbrances

affecting the same, now cancelled as a result of all the segregations made, excepting the church annuities recognized by the purchaser,' under which conditions the plantation 'San Romualdo' was sold ·by the special partnership firm Chavarri & Co. to Rafael Blanes y Mestre.

"It is sought here to recover part of a mortgage constituted in June, 1878, by José Antonio Annoni in favor of several of his creditors, among whom appears Pedro José Valls y Luperón, upon the plantation named· 'San Romualdo,' now belonging to Rafael Blanes y Mestre, as third possessor, and who is subrogated to the rights of the debtor, Annoni.

"Although a mortgage credit may be conveyed to a third person, in whole or in part, this must be effected in the manner prescribed by article 152 of the Mortgage Law, and the deed of assignment should contain all requirements prescribed by article 50 of the, general instructions for drafting public documents subject to record, among which provisions it is required that a true copy of the mortgage assigned be inserted in the deed; and moreover, that notice be given to the debtor in all cases and with all the formalities prescribed by the Mortgage Law and its Regulations.

"In the instrument of assignment drafted by Notary José Ramón Becerra a literal copy of the mortgage assigned was not inserted, but a reference only made thereto by said notary, as also to a deed of partition of property executed on August 12, 1882, in the city of Ponce, for the purpose of proving the conveyance made by Francisco Valls y Chavarri to José Rafael Valls, without transcribing the circumstance referring to aforesaid Francisco Valls y Chavarri's acquisition of the credit by inheritance.

"Even were the formalities of mere mortgage procedure to be dispensed with, on the ground that the first copy of an unregistered instrument was presented authorized by Notary Carlos Bonilla referring to the constitution of a mortgage which appears recorded according to the certificate of Registrar Joaquín Servera Silva, and the demandable character of the whole credit were also to be disregarded; still where articles 1964 of the old Civil Code and 134 of the Mortgage Law in force are necessarily applicable, the court must always examine the certificate of the registrar of property of a date subsequent to that on which the obligation fell due declaring that the mortgage does not appear cancelled nor that its cancellation is imminent according to the day book at the time of the maturity

of the obligation, pursuant to article 169, paragraph 3 of the organic mortgage Regulations.

"The instrument constituting the mortgage assigned provides that the first dividend or installment of the twentieth part falling due to the creditors was to be paid on June 30, 1879, and thereafter in the same manner until the expiration of twenty years.

"Subsequently to aforesaid date the mortgage constituted in favor of several creditors appears cancelled, only the church annuities and a credit in favor of the American Colonial Bank of Porto Rico remaining subsistent.

"Considering the doubtful manner in which the Registrar of San Germán certifies that the estate 'San Romualdo' may be subject to other incumbrances besides the one alluded to, his certificate cannot serve as a basis for a summary proceeding, but only for another kind of action either against third possessors, or against the original debtors, or against the registrars in case they should be responsible.

"In view of articles 128 of the Mortgage Law and 169 and 170 of its organic Regulations and the provisions enumerated in the foregoing conclusions, the application for a judicial order against Rafael Blanes, made by Attorney Rodolfo Ramírez Vigo on behalf of José Rafael Valls, domiciled in Ponce, is denied. The case is ordered to be registered and numbered, the presiding judge of this court being designated as examining judge (*juez instructor*). So ordered and signed by the judges of the court, to which I certify. Arturo Aponte, J. A. Erwin, Enrique González Darder.—Juan Arroyo Mestre."

Notice of the foregoing order was served upon the attorney for the plaintiff, whereupon he moved for a rehearing, which was denied; and an appeal being taken by him to this court the same was allowed and the record sent up, after citation of the party.

The representative of the appellant having duly appeared, the appeal was conducted under the proper procedure, and a day being set for the hearing, the same was had with the attendance of counsel for appellant who argued in support of his client's claim.

*Messrs. Kearney, Díaz and Texidor* for appellant.

Mr. Justice Wolf, after making the above statement of

facts, delivered the opinion of the court as follows:

The findings of fact and conclusions of law contained in the resolution appealed from are accepted.

We adjudge that we should affirm, and do affirm, the resolution rendered by the District Court of Mayagüez, December 21, 1903, denying the judicial order applied for by José Rafael Valls against Rafael Blanes, with costs of the appeal to be imposed upon the appellant. The original record is ordered to be returned to said district court, together with a certified copy of this decision.

Chief Justice Quiñones and Justices Hernández, Figueras, and MacLeary concurred.